## 23737. SPARKS v. THE STATE.

DECIDED FEBRUARY 12, 1934.

502

*Meeks & McDonald, McDonald & McDonald,* for plaintiff in error. *Allan C. Garden, solicitor-general,* contra.

Guerry, J. ▮ The defendant's contention that the game, for the operation of which he was indicted, was one of skill and not one of chance, and therefore not a violation of the law, is untenable under his own statement. His defense brings to mind what was said by the Supreme Court in *Equitable Loan &c. Co.* v. *Waring,* 117 *Ga.* 599 (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. R. 177), in discussing lotteries, etc.: "As fast as statutes are passed, or decisions made, some skilful change is devised in the plan of operations in the hope of getting just beyond the statutory prohibition: but so long as the inherent evil remains, it matters not how the special facts may be shifted, the scheme is still unlawful." The indictment in the present case was drawn under section 398 of the Penal Code, which is as follows: "No person, by himself or another, shall keep, maintain, employ, or carry on any lottery in this State, or other scheme or device for the hazarding of any money or valuable thing." Was the machine in the case at bar a scheme or device for the hazarding of money? As was decided in *Equitable Loan &c. Co.* v. *Waring,* supra, the word "hazarding," and the construction of the several statutes relating to gaming of this character, make chance a necessary element of the offense. Under the defendant's own statement there was a consideration paid for shooting the machine, and if a player should obtain a score of 4800 or better he would receive a fifteen-cent package of cigarettes for his nickle, whereas if he did not shoot that score he received nothing for his money. The evidence shows, without dispute, that even the most efficient could not obtain that score every time, although some, from practice, would obtain it more frequently than others. The very fact that one might come in and make that score and receive fifteen cents worth of merchandise for his nickle, and that the same person or some other person might shoot it and not receive anything, but would lose his nickle, certainly makes it a game of chance. The defendant's own statement shows that the tables in question were

"set on the basis of giving away approximately one half of the money the table takes in, in the form of merchandise." How then can it be contended that it is not a game of chance, when it is admitted that the tables are "set" to give away half of what they take in? The inherent evil at which this law is aimed is gambling. The fact that one might lose five cents, or he might for that five cents receive fifteen cents in merchandise, makes the table a scheme or device for the purpose of hazarding money within this statute. The defendant says, "Undoubtedly, the table has more skill than chance." The fact that skill or proficiency might enter into the operation of the machine makes no difference. "Any scheme or device operated by a person, by which one participating therein might either lose the money invested or get more than his money's worth, the operator retaining the money so lost, is a scheme or device for the hazarding of money, within the meaning of the section of the Penal Code above quoted." *Meyer* v. *State,* 112 *Ga.* 20 (37 S. E. 96, 51 L. R. A. 496, 81 Am. St. R. 17). This quotation seems to settle the law unfavorably to the defendant's contention. The evidence amply supports the verdict of guilty, even under the defendant's own statement, and the court did not err in overruling the general grounds of the motion for a new trial.

The first special ground of the motion for new trial complains that there is a fatal variance between the allegations of the indictment and the evidence. The indictment alleged that the defendant was operating a machine known as a marbl-jax table and that the store in which it was being so operated was located at 122 East Pine street, while there was no evidence that the machine was a marbl-jax table or that the store was located at 122 East Pine street. J. C. Register testified with reference to the location of the store: "It is located on 122 Pine street, in the city of Fitzgerald, Ben Hill county." With reference to the machine: "I couldn't tell you what the table was known as. It was a marble something, I don't remember." "In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved." *Hall* v. *State,* 120 *Ga.* 142 (47 S. E. 519). Unquestionably the location of the scheme or device as a descriptive averment was an unnecessary element in the crime with which the defendant was charged, and a slight variation from the location as averred in the indict-

ment would not prove fatal. If the criminal character of the act depends upon the locality in which it is committed, the allegation as to the place becomes material, and furnishes an essential feature in the description of the offense, and must be accurately laid and proved (*Johnson* v. *State,* 1 *Ga. App.* 195, 58 S. E. 265) ; but here the criminality of the act does not depend on the location of the scheme or device. "Only in an indictment under a statute which makes the character of the place an essential element of the offense must the place at which the crime was committed be described with particularity." *Pines* v. *State,* 15 *Ga. App.* 348 (83 S. E. 198). As to the description of the machine, it is true that it is incumbent on the State to prove each and every material allegation in a bill of indictment. Often an indictment contains averments not required, by way of description, but which, having been placed therein, become such a part of the indictment as framed that they may not be rejected as surplusage. *Fulford* v. *State,* 50 *Ga.* 591. Averments or descriptions in an indictment, although not necessary in the first instance, must be proved as alleged, whenever a failure of the evidence to conform to the descriptive averments might tend to put the accused again in jeopardy for the same offense. *Moore* v. *State,* 13 *Ga. App.* 15 (78 S. E. 772). In *Williams* v. *State,* 13 *Ga. App.* 338, 342 (79 S. E. 207), it is said: "If the entire averment of which the descriptive matter is a part may be omitted, or can be rejected as surplusage, the descriptive matter falls with it and need not be proved." A reading of the indictment will disclose that the allegations as to the name of the device in full is not necessary. The indictment is complete without giving to the scheme or device a name at all. If unnecessary averments disconnected with the circumstances which constituted the stated crime be alleged they may be treated as surplusage. *Southern Express Co.* v. *State,* 23 *Ga. App.* 67 (97 S. E. 550). The defendant could not, under the allegations and the proof, be again placed in jeopardy for this offense. The proof itself in this case was sufficient to identify the table as that named in the indictment, and there is no variance between the allegata and the probata.

The other two assignments of error are without merit. The trial court, therefore, did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. The indictment in this case charges that the defendant did "keep, maintain, employ and carry on a certain scheme and device for the hazarding of money and other valuable thing, said scheme and device being known as a marbl-jax table, same being played with balls and marbles." It seems to me that the allegation that the defendant was operating a machine known as "a marbl-jax table" was a material allegation and could not be regarded as pure surplusage, and should have been proved. "We recognize the rule that it is not necessary to prove allegations in an indictment which are immaterial or purely surplusage. But the question is, what are immaterial averments? Or, rather, when do averments which might have been omitted become material—or, at least, so enter into the indictment as framed that they can not be stricken or rejected as surplusage? In Starkie on Evidence, volume 3, p. 1539, it is said that it is a general rule that no allegation which is descriptive of the identity of that which is legally essential to the claim or charge can ever be rejected; and on page 1542, same volume, the rule is made more specific by restating it thus: *"The position that descriptive averments can not be rejected, extends to all allegations which operate by way of description or limitation of that which is material."* (Italics mine.) Bishop says: "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance. And where there is a necessary allegation which can not be rejected, yet the pleader makes it unecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other." 1 Bishop's C. P., §§ 234, 235. If the prosecutor state the offense with unnecessary particularity, he will be bound by that statement, and must prove it as laid: United States v. Brown, 3 McLean R., 233; Rex v. Dawlin, 5 T. R. 311." *Fulford* v. *State,* 50 *Ga.* 591, 593. Further in that decision the court says: "If unnecessary averments disconnected with the circumstances which constitute the stated crime be introduced, they need not be proved, but may be rejected as surplusage. See, also, 1 Chancery Pleadings, 236. Bishop and Phillips state this rule to be, if the entire averment may be omitted of which the descriptive matter is a part, or can be rejected as surplusage, then the descriptive matter falls with it and need not be proved: Phillips' Evidence, (eighth edition) 854; 1 Bishop Criminal Pro-

cedure, section 235. Or, as it is put in 3 McLean, supra, if the averment be mere facts *disconnected* [italics mine] with the offense, they need not be proved." We think the Court of Appeals, in *Hicks* v. *State*, 16 *Ga. App.* 228 (84 S. E. 837) applied the aforesaid rule in a way that is particularly applicable to the instant case when it said: "In an accusation of gaming it is not necessary to specify the particular game played or to identify the players, but if the game be identified by confining the charge to a particular game, not only is evidence thereby restricted to proof of the game specified, but the burden devolves upon the State of proving that the game in which the accused was engaged was the precise game charged in the accusation." The averment that the machine was known as "a marbl-jax table" was not the averment of a mere fact *disconnected* with the offense, but was a descriptive averment which operated by way of limitation of that which was material, and can not be rejected as surplusage, and must be proved.