## 25946. LEWIS v. THE STATE.

DECIDED JANUARY 12, 1937.

*Oliver & Oliver,* for plaintiff in error.
*Robert McMillan, solicitor-general,* contra.

160

MacIntyre, J. The indictment charged that, on July 23, 1936, in Hall County, Georgia, H. B. Lewis did unlawfully "keep, maintain, employ, and carry on a scheme and device for the hazarding of money and other valuable thing, to wit, a shooting gallery." A jury found the defendant guilty, and his exception is to the judgment overruling his motion for new trial containing only the general grounds. The case was tried on an agreed statement of facts, the material part of which is as follows: "That the defendant was operating a shooting gallery in Hall County, Georgia, on July 23, 1936. . . That a target was placed at a distance of ten feet and another at eleven feet from the place where the customers stood to shoot. Two rifles, one a Remington and one a Springfield, were used to shoot with, and said rifles were not tampered with, but were regular stock rifles. That the target was a paper card in the shape of a parallelogram about six inches wide and eight inches long. That on each corner of said target was the figure five printed in red ink. That the defendant would permit a customer to have three shots with said rifle for ten cents at one of the figure fives on said target. That at the beginning the defendant would place a reward of one dollar for the person that would shoot out the figure five on said card or target. That after each one of the four figures five had been shot at and no one had shot out the figures five, defendant would place another new target up and increase the reward to one dollar and five cents, or five cents every time a new target was placed and no one had shot out the figure five. When a customer had shot out one of the figure fives on said target he would receive the reward."

We can not agree with the contention of counsel for the plaintiff in error that "the operation of the shooting gallery could not be a lottery, because there was no element of chance in the manner it was operated." Our view is that there was a large element of chance in the "device" the defendant is accused of conducting, and under the agreed statement of facts we are of the opinion that the jury was warranted in finding that he was guilty of violating the Code, § 26-6502. The element of skill entered into the playing of the "marbl-tax table," described in *Sparks* v. *State,* 48 *Ga. App.* 498 (173 S. E. 216) ; yet this court held that it was a game of chance, saying: "The fact that skill or proficiency might enter into the operation of the machine makes no difference;" and quot-

ing from *Meyer* v. *State,* 112 *Ga.* 20 (37 S. E. 96, 51 L. R. A. 496, 81 Am. St. R. 17), as follows: "Any scheme or device operated by a person, by which one participating therein might either lose the money invested or get more than his money's worth, the operator retaining the money so lost, is a scheme or device for the hazarding of money, within the meaning of the Penal Code above quoted."

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*