## 29102. WILLIAMS v. THE STATE.

DECIDED SEPTEMBER 24, 1941.

*A. G. Liles, Joe Quillian,* for plaintiff in error.
*Hope D. Stark, solicitor-general,* contra.

GARDNER, J. The defendant was indicted at the March term, 1938, of Gwinnett superior court for gaming. The allegations of the indictment which are material to the issues were that the defendant "did unlawfully keep, maintain, employ and carry on a certain scheme and device for the hazarding of money and other valuable things, said scheme and device being called a 'Jungle' and known as a nickle gambling machine." Before pleading to the merits the defendant filed a plea of autrefois convict; he then pleaded not guilty to the charge set out in the indictment in the instant case. Both issues were tried together. The jury found against the defendant on both issues. He moved for a new trial. The court overruled the motion, and the defendant excepted.

The evidence showed that the officers seized the machine described in the indictment on which the defendant was tried in the instant case on the same date, in the same room, from the defendant's place of business, as they did the machine involved in the issue of autrefois convict. The only difference in the two was the allegation "Jungle" and "Derby Horse Racing" machine, respectively. The evidence showed that the officers visited the place of business of the defendant and seized the "Jungle" and "Derby" machines and one other similar machine known as "Bally." Each machine was operated by depositing a nickle therein and obtaining five metal balls. These balls were then, by the operator, redeposited in the machine which was operated by electric current. A release lever was manipulated in an endeavor to cause the ball to strike certain obstacles which in turn caused certain numbers, multiples of 1000, to appear. The sum of these numbers constituted the total score made by the five balls so purchased and played. There was a degree of skill involved in the manipulation. The officer played each of the ma-

chines. He received no prize of any kind, saw no one else receive any prize, and did not know that the machines would automatically pay off in coins or other things of value, although one of them, he could not recall which, was constructed with two-coin compartments, and a place for coins to come out, and the officer did not know that it was operated so that coins would come out. The officers stated they were gambling machines. The defendant in his statement contended that one purchased the balls and played to see who could make the highest score, for amusement only, and that there was no payoff at all.

The evidence failed to show that the machines would automatically or otherwise pay a prize, or that a prize was being given in connection with their operation. To constitute gaming under the statute three elements are essential: (1) a consideration, (2) a chance, and (3) a prize. *Barker* v. *State,* 56 *Ga. App.* 705 (193 S. E. 605). In the instant case the proof failed to show the presence of the third element, and failed to show that the machine or device in this case was, per se, a gambling device such as is commonly known as a gambling coin-in-the-slot machine, which automatically and per chance pays off in coins or other things of value. Under the statute now under consideration it is unlawful to maintain, keep, employ and carry on a ball machine, or other device operated similarly to such described slot machines. But the evidence in the instant case was insufficient to so classify the device here involved. The jury was correct in finding against the plea of autrefois convict, but the verdict of guilty under the indictment on which the defendant was on trial was without any evidence to support it.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*