31720. GRANT *v.* THE STATE.

DECIDED OCTOBER 9, 1947.

786

James R. Venable, Frank A. Bowers, for plaintiff in error.

John I. Kelley, Solicitor, Paul Webb, Solicitor-General, J. Walter LeCraw, contra.

GARDNER, J. ■ We have set out the evidence to show that it amply sustains the conviction under the allegations of the accusation.

■ This brings us, then, to determine whether or not the court erred in overruling the general demurrer. In other words, whether the accusation set out a criminal offense under the Code, § 26-6502, which reads as follows: "Any person who, by himself or another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable things,

shall be guilty of a misdemeanor." A scheme or device for the hazarding of money as charged in this accusation has three essentials: First, consideration; second, prize; third, chance. See *Williams* v. *State,* 65 *Ga. App.* 843 (16 S. E. 2d, 769), and citations therein. There are other decisions to this same effect. Able counsel argue earnestly and enthusiastically that a game of baseball is a game of skill and that the essential of chance is not in it. While it is true that the players in a game of baseball are employed for their skill, and members of this game reach a high proficiency in skill, and it is a noble sport, but to set up a scheme and device for the hazarding of money on the outcome of such game as alleged in this accusation or as to any particular phase thereof by outsiders comes within the provisions of the statute thereon. While not in an identical situation, we think this court dealt with a very similar and analogous situation in *Lewis* v. *State,* 55 *Ga. App.* 160 (189 S. E. 566), in which Judge MacIntyre, speaking for the court, said: "Our view is that there was a large element of chance in the 'device' the defendant is accused of conducting, and under the agreed statement of facts we are of the opinion that the jury was warranted in finding that he was guilty of violating the Code, § 26-6502. The element of *skill* entered into the playing of the marbl-jax table, described in *Sparks* v. *State,* 48 *Ga. App.* 498 (173 S. E. 216); yet this court held that it was a game of *chance,* saying: 'The fact that skill or proficiency might enter into the operation of the machine makes no difference;' and quoting from *Meyer* v. *State,* 112 *Ga.* 20 (37 S. E. 96, 51 L. R. A. 496, 81 Am. St. R. 17), as follows: 'Any scheme or device operated by a person, by which one participating therein might either lose the money invested or get more than his money's worth, the operator retaining the money so lost, is a scheme or device for the hazarding of money, within the meaning of the Penal Code above quoted.' "

In 135 A. L. R. 183 (note on game of chance or skill) dd Racing, it is said: "Although the authorities are divided as to whether racing constitutes a game within the meaning of anti-gambling statutes, the prevailing view seems to be that racing falls within the purview of such statutes. Annotation in 45 A. L. R. 998." In 135 A. L. R. 121 (same note as above) e. Baseball, it is said: "Baseball is usually classed as a game of skill as distinguished

from a game of chance . . however, wagering or betting on a game of baseball may constitute a game of chance as between those who wager or bet." In the exhaustive note discussion of games of chance in Section IV, pages 187, 188 of the same authority, this matter is further elaborated as follows: "It has been held that a wager is not a game but a bet of stakes upon the results of a game . . however, a game of chance may be found under certain circumstances to be played between persons who wager or bet among themselves upon the outcome of a game although not actually participating in the game itself, which may or may not have been inaugurated primarily for the purpose of affording an opportunity for wagering or betting, even though the game is a game of skill between the players who participated therein."

However, as between the members of the baseball team, they may be engaged in a contest of skill, but as to the spectators who wager upon the outcome of the results of the particular batting results, it is, under our statute, a game of chance, where the scheme and device is as set forth in the accusation herein and where it is sustained by the proof. We think this is true even construing Code, §§ 26-6501 and 26-6502 together. Counsel for the defendant call our attention to the case of *Russell* v. *Equitable Loan & Security Co.*, 129 *Ga.* 160 (58 S. E. 881, 12 Ann. Cas. 129), and cit. We do not think the facts in that case are applicable to the one now before us and that decision is not controlling. In support of this decision see *Sable* v. *State*, 48 *Ga. App.* 174, 175 (172 S. E. 236); *Sparks* v. *State*, 48 *Ga. App.* 498, 502 (173 S. E. 216). It therefore follows under what we have said that the court did not err in overruling the demurrer to the accusation.

3. Error is assigned because the court, over objections of the defendant, allowed a police officer to testify: "I was detailed to the baseball park to try to break up gambling in the bleachers there." This assignment of error is without merit. This testimony explains the conduct of a witness only. *Harris* v. *State*, 191 *Ga.* 555 (6) (13 S. E. 2d, 459).

The court did not err in overruling the certiorari for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*