*H. M. Fletcher,* for plaintiff.

*C. L. Redman, W. E. Watkins,* for defendant.

---

17188. REESE *v.* SOUTHERN RAILWAY COMPANY.

BROYLES, C. J. 1. The petition, properly construed as a whole and most strongly against the petitioner, clearly shows that the plaintiff, by the exercise of ordinary care, could have avoided the injury sued for.

(a) General allegations in a petition that the plaintiff could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care must yield, on demurrer, to the particular facts set forth, where inferences from such facts are necessarily to be drawn contradictory of the general allegations. *Moore* v. *Seaboard Air-Line Ry. Co.,* 30 *Ga. App.* 466 (4) (118 S. E. 471).

2. Under the above-stated ruling the court did not err in dismissing the suit, on general demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 12, 1926.

Action for damages; from Haralson superior court—Judge Irwin. January 6, 1926.

The action was for injuries received on falling from a step of a passenger-car of the defendant's train on which the plaintiff had taken passage to Bremen, Georgia. The petition al-

---

Negligence, 29 Cyc. p. 578, n. 73.

Pleading, 31 Cyc. p. 78, n. 95; p. 83, n. 16; p. 85, n. 38.

24

leges: "Petitioner was asleep when said train reached Bremen, Georgia, petitioner's destination. Petitioner awoke just as said train was leaving said station . . before said train had moved more than the length of an ordinary passenger-car and while said train was moving at a speed not exceeding four miles an hour. When petitioner awoke he thought said train was approaching said station, and in fact it was departing therefrom. In anticipation of alighting therefrom petitioner arose from the seat he was occupying and proceeded to the rear platform of the car in which he was riding, the same being commonly known as the smoking-car. As petitioner walked down the steps from the platform of said car he perceived that said train was departing from Bremen. Petitioner, being a young man, forty years of age, in perfect health and very active and agile, and as said train at this particular time was traveling at a very reasonable rate of speed, not exceeding eight or ten miles per hour, undertook to ascertain whether or not it would be safe to alight from said train. Both the car on which petitioner was riding and the one immediately in its rear were vestibule cars, and at this time the vestibule door on the rear of the car where petitioner was and on the left side of the car in which petitioner was riding as said train approached Atlanta, Georgia, was open, and petitioner caught hold of the hand-railing of said car, placing his right foot either on the bottom step or the one just above it, while his left foot was on the step immediately behind and above the one his right foot was on, with his right shoulder pressed against the end of the car he was standing on, and looked down to see if he could find a safe landing. Just as petitioner decided it would not be safe for him to alight, and as he endeavored to turn back into said car, intending to go on as a passenger to Villa Rica, a station on defendant's line where he could catch a bus to Carrollton, there was an unusual and unnecessary drop and jolt in the particular part of said train where petitioner was then located, the same being caused by an unusual, unnecessary, and dangerous depression which was about 125 or 130 yards from the depot at Bremen, Georgia, in the roadbed and track on the left-hand side of said track in going from Bremen to Atlanta, Georgia, for the reason that at this particular point the ties were rotten, the rails having cut down into them until some of the ties were almost cut off, and the ties and the rails sagged up and down when

a train was passing over this point. At the same time the engineer of said train increased the speed of said train, all of which threw petitioner off his balance, jerked his left foot completely off said steps, and threw petitioner's body violently around until he was facing said steps with only a toe-hold with his right foot and holding on to the outside hand-rail with his right hand, the greater part of his body being suspended in the air outside of a line of said train, making it impossible for petitioner to regain his safety, as a result whereof petitioner did hang on the outside by the hand-rails until his strength was completely exhausted, when he fell from said train at a point which was about one hundred yards from the depression hereinbefore mentioned and while said train was still running and increasing its speed, receiving as a result of the fall divers and sundry wounds and bruises and injuries" described. The petition alleges that the plaintiff was in the exercise of all reasonable and ordinary care and diligence and was free from fault, and that the defendant was negligent in respect to the condition of the ties, etc.

The judge of the superior court, in his judgment on the demurrer, said: "It appears from the plaintiff's petition that he was asleep when the train arrived at Bremen, the station to which he purchased a ticket, and that he did not know that the train had arrived at the station until it was pulling out and running at the rate of some four miles per hour, when he was out and got upon the lower steps of the train for the purpose of alighting, and he determined that it would not be safe to alight, and then concluded to go into the train and to another station to alight. It failing to appear that the plaintiff remained on the train after he passed the station to which he had purchased a ticket with the bona fide intention to pay cash on to another station and alight, but the allegation being that he went on the steps with the intention of getting off the train, and that when he placed himself in a position of peril he was not a passenger on said train, and it further appearing that his injuries were not the result of wilful or wanton conduct on the part of the defendant, the general demurrer is sustained and the case dismissed."

*Beall & Beall,* for plaintiff.

*Griffith & Matthews, Maddox, Matthews & Owens,* for defendant.