32099. NABORS *v.* ATLANTA BILTMORE CORPORATION.

DECIDED SEPTEMBER 15, 1948. REHEARING DENIED OCTOBER 2, 1948.

*H. Fred Gober,* for plaintiff.
*John M. Slaton,* for defendant.

PARKER, J. W. L. Nabors sued Atlanta Biltmore Corporation, the owner of the Biltmore Hotel, in Atlanta, claiming damages for injuries sustained, and making substantially the following allegations in his petition as amended: On June 9, 1945, at about 5:30 p.m., the plaintiff was delivering ice to the Biltmore Hotel, from the American Service Company, the plaintiff's employer, pursuant to a purchase by the defendant from said employer; that the ice is made in blocks weighing 300 pounds each, which are delivered from the truck into the ice storage room of the hotel by being pulled along the floor by a person in a crouched position, which was known to the defendant; that the ice room was lighted by one electric light hanging from the ceiling, about 5½ feet from the floor, apparently protected by a metal guard arranged like a cage; that the side of said covering over said light bulb opposite the entrance into the ice room had been broken, and sharp and jagged points of the wire forming said cage stuck out at an angle so as to be dangerous to anyone coming in contact with it; that the broken cage was not discernible to the plaintiff, or to anyone delivering ice into said room, in coming from the natural daylight outside, in a stooped position and dragging said ice; that defendant knew that in delivering ice into said room in a stooped position a person would straighten up without first looking to see whether or not the light was high enough not to be struck by such person, and defendant was under the duty of maintaining said light more than 5½ feet above the floor, especially in its defective and dangerous condition, and owed the plaintiff the duty of warning him of the dangerous condition of the unguarded fixture, and to keep the light in a safe condition; and that on the date alleged, while delivering ice to the defendant in the manner and under the conditions set out, the plaintiff's head was severely cut from coming in contact with the broken wire guard covering said light bulb, resulting in the injuries and damages for which he sued.

The plaintiff alleged that the defendant was negligent in (a) failing to keep the premises safe; (b) allowing and permitting a dangerous and unguarded fixture to remain in said ice room; (c) failing to give plaintiff any warning of the dangerous condition of said unguarded fixture; (d) failing to repair the wire covering over said light fixture, and (e) in maintaining said

light in its dangerous condition at a height of only 5½ feet from the floor. The plaintiff also alleged that at the time of said injury he was in the exercise of ordinary care, and did not see said light and wire until his scalp had been cut as described; and that the defendant's negligence was the sole proximate cause of said injuries.

The defendant demurred generally to the amended petition on these grounds: that it set forth no cause of action; that it showed that the condition was open to observation by the plaintiff, and no reason was given why he should not have seen the same; and because it gave no explanation of the action of the plaintiff in injuring himself. The court sustained the general demurrer and dismissed the case. Error is assigned on that ruling. It is not necessary to set out or consider the special demurrers to certain paragraphs of the petition.

The plaintiff's case is based on the Code, § 105-401, as follows: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Under the ruling of this court in *Camp* v. *Curry-Arrington Co.*, 49 *Ga. App.* 594 (176 S. E. 49), the plaintiff was an invitee, and the principles of law stated in the code section quoted were applicable to him. Had the plaintiff been a mere licensee, as defined in the Code, § 105-402, the owner of the premises would have been liable to him only for wilful or wanton injury. As stated in *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (1(a)(b)) (116 S. E. 57), the Code, § 105-401, "places upon such owner or occupier of land the duty to exercise ordinary care, for the safety of his invitees, in discovering defects or dangers in the premises or instrumentalities thereon, and imposes a liability for injuries resulting from such defects as a reasonable inspection would disclose. Such owner or occupier of land is liable for a failure to warn his invitees of dangers or defects in such premises or instrumentalities, of which he knew or of which it was his duty to know in the exercise of ordinary care." That case was affirmed by the Supreme Court in 157 *Ga.* 105 (120 S. E. 636).

Another principle of law applicable to this case is Code, § 105-

603, as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." The word "avoided," as used in this section, is of broad and comprehensive meaning, and "in case of personal injuries the plaintiff as a conscious human agent is bound to exercise ordinary care to avoid the consequences of the defendant's negligence, by remaining away, going away, or getting out of the way of a probable or known danger." *Mansfield* v. *Richardson*, 118 *Ga.* 250 (2, 3) (45 S. E. 269); *Southern Ry. Co.* v. *Hogan*, 131 *Ga.* 157, 160 (62 S. E. 64). "The rule of law that in order for the plaintiff to recover he must have exercised ordinary care to avoid the consequences to himself of the defendant's negligence is not limited to negligence which may have been actually discovered, but it extends to negligence which might have been discovered by exercise of ordinary care by the plaintiff." *Georgia Power Co.* v. *Maxwell*, 52 *Ga. App.* 430(3) (183 S. E. 654). "Ordinarily the question of negligence, both on the part of the plaintiff and the defendant, is an issue to be determined by the jury, but where the plaintiff's petition shows on its face that he has no right to recover, and this question is raised by general demurrer, it is the duty of the court to sustain the demurrer and dismiss the petition." *Central Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413, 418 (91 S. E. 517). "General allegations in a petition that the plaintiff could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care must yield, on demurrer, to the particular facts set forth, where inferences from such facts are necessarily to be drawn contradictory of the general allegations." *Reese* v. *Southern Ry. Co.*, 35 *Ga. App.* 369 (133 S. E. 284).

Tested by the foregoing rules of law, the petition of the plaintiff failed to state a case, and it was properly dismissed on demurrer. The plaintiff went into the ice room which was lighted by an electric light suspended from the ceiling. The approximate height of this light from the floor, alleged to be about $5\frac{1}{2}$ feet, was obvious to the plaintiff, and no reason appears why the plaintiff could not have seen the broken wires of the cage or basket over the light, although he alleges that the broken cage

was not discernible to him in coming into the room from the natural light of day outside. He does not allege that his eyesight was defective, nor that the light itself was poor or insufficient to properly light the room. The allegation that he dragged the block of ice into the room in a stooped or crouched position does not excuse his conduct in straightening up under the light, and coming in contact with the broken and jagged wires, without having seen the relative position of the light and the wire cage or basket protecting it. The petition does not charge the defendant with wilful or wanton negligence, and the plaintiff can not recover, despite the negligence charged to the defendant, if by the exercise of ordinary care on his part the consequences of the defendant's negligence could have been avoided. *Central of Georgia Ry. Co.* v. *Bridwell,* 34 *Ga. App.* 77 (3) (128 S. E. 238). Properly construing the petition as a whole most strongly against the plaintiff, we think the conclusion is inescapable that the plaintiff, by the exercise of ordinary care, could have avoided the injury for which he sued. *Lebby* v. *Atlanta Realty Corp.,* 25 *Ga. App.* 369 (103 S. E. 433) ; *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81) ; *Day* v. *Trion Co.,* 56 *Ga. App.* 1 (192 S. E. 88) ; *Brim* v. *Healey Real Estate &c Co.,* 56 *Ga. App.* 483 (193 S. E. 84) ; *Southern Ry. Co.* v. *Lomax,* 67 *Ga. App.* 406 (6) (20 S. E. 2d, 437) ; *Sprague* v. *Atlanta Biltmore Hotel Co.,* 71 *Ga. App.* 849 (32 S. E. 2d, 534) ; *Vaissiere* v. *J. B. Pound Hotel Co.,* 184 *Ga.* 72 (190 S. E. 354).

The plaintiff, in a very full brief, has cited the following cases: *Fulton Ice & Coal Co.* v. *Pece,* supra, *Camp* v. *Curry-Arrington Co.,* supra, *Indian Springs Swimming Pool Corp.* v. *Maddox,* 70 *Ga. App.* 842 (29 S. E. 2d, 724), *Sheffield Co.* v. *Phillips,* 69 *Ga. App.* 41 (24 S. E. 2d, 834), *Kent* v. *Consumers' Co.,* 48 *Ga. App.* 667 (173 S. E. 235), *Rogers* v. *Sears-Roebuck & Co.,* 45 *Ga. App.* 772 (166 S. E. 64), *Parsons* v. *Sears-Roebuck & Co.,* 69 *Ga. App.* 11 (24 S. E. 2d, 717), *Lake* v. *Cameron,* 64 *Ga. App.* 501 (13 S. E. 2d, 856), *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060), *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442), *Wynne* v. *Southern Bell Tel. &c. Co.,* 159 *Ga.* 623 (126 S. E. 388), and the old case of *Atlanta Cotton-Seed Oil Mills* v. *Coffey,* 80 *Ga.* 145 (4 S. E. 759, 12 Am. St. 244), which contains the ruling now in the Code, § 105-401. It would unduly lengthen this opin-

ion to point out the various distinctions on the facts in the cases cited and the case at bar; but we have considered all of the citations and do not think any of them require a different holding in this case.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*