34082. HUBERT *v.* THE KNOX CORPORATION.

DECIDED JULY 3, 1952.

*Vane G. Hawkins, Stevens & Stevens,* for plaintiff in error.
*Gould B. Hagler, Knox & Neal, Fulcher & Fulcher,* contra.

FELTON, J. Construing the petition against the plaintiff, it will be construed to mean that the nails were thrown upon the car and upon the highway either in front of the car driven by the plaintiff or underneath the same and that the plaintiff knew of such fact at the time she stopped the vehicle. The petition is further construed to mean that the plaintiff stopped to ascertain the damage to parts of the body of the automobile resulting from the impact from the kegs of nails when they hit the car. Where it does not appear from the allegations of a petition that the plaintiff could have avoided the consequences of a defendant's negligence by the exercise of ordinary care after the defendant's negligence was discovered by the plaintiff or could have been discovered by the exercise of ordinary care, it is not incumbent upon the plaintiff to negative her inability to avoid the defendant's negligence. However, as in this case, where it is apparent from the allegations of the petition that, in view of the truths of human experience, the plaintiff in the exercise of ordinary care after discovering the negligence of the defendant could have avoided the consequences thereof, so far as her alleged personal injuries are concerned, a general demurrer to the petition will be sustained in the absence of further allegations showing why the plaintiff in the exercise of ordinary care could not have avoided the consequences of the defendant's negligence after the discovery of such negligence. In the instant case, after the nails fell from the truck, struck the automobile and were scattered over the highway, the plaintiff stopped the automobile and spent two hours in ascertaining the damage done

to the automobile. In a situation such as this, it would be obvious to a person of ordinary intelligence that a probable consequence of the scattered nails about the automobile would be a punctured tire. Even if the petition is construed to allege that this inspection included an inspection of the tires, a person using ordinary care would have discovered the presence of the nails in the tires unless something unusual prevented such a discovery. The petition did not allege any reason why the nails in the tires were not discovered during the inspection or that something unusual prevented their discovery. Therefore, under our construction of the petition it showed that the plaintiff by the exercise of ordinary care could have discovered the nails in the tires and could have thus avoided the punctures caused by them, and the petition was subject to a general demurrer. Code, § 105-603; *Nabors* v. *Atlanta Biltmore Corp.*, 77 *Ga. App.* 730 (49 S. E. 2d, 688).

The court did not err in sustaining the demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*