39871, 39872.   670 NEW STREET, INC. v. SMITH
(two cases).

Decided March 15, 1963—
Rehearing denied March 29, 1963.

Martin, Snow, Grant & Napier, Hendley V. Napier, T. Baldwin Martin, for plaintiff in error.

Bloch, Hall, Groover & Hawkins, Ellsworth Hall, III, contra.

FRANKUM, Judge. It is fundamental, of course, and requires no reiteration of authority, that the petitions must be construed on demurrer most strongly against the plaintiffs. In so construing the petitions it may be conceded at the outset that under the facts alleged the defendant had the duty of exercising ordinary care in keeping the premises and approaches safe for the plaintiff's use. *Code* § 105-401; *Crossgrove v. Atlantic C. L. R. Co.*, 30 Ga. App. 462 (1) (118 SE 694); *Camp v. Curry-Arrington Co.*, 49 Ga. App. 594 (1) (176 SE 49). However, if the plaintiff, Mrs. Smith, by the exercise of ordinary care could have avoided the consequences to herself caused by the defendant's negligence, she is not entitled to recover. *Code* § 105-603. As was said in *Nabors v. Atlanta Biltmore Corp.*, 77 Ga. App. 730, 733 (49 SE2d 688), quoting in part from *Mansfield v. Richardson*, 118 Ga. 250 (2) (45 SE 269), "The word 'avoided,' as used in this section, is of broad and comprehensive meaning, and 'in case of personal injuries the plaintiff as a conscious human agent is bound to exercise ordinary care to avoid the consequences

of the defendant's negligence, by remaining away, going away, or getting out of the way of a probable or known danger.'" See *Southern R. Co. v. Hogan,* 131 Ga. 157, 160 (62 SE 64). "The rule of law that in order for the plaintiff to recover he must have exercised ordinary care to avoid the consequences to himself of the defendant's negligence is not limited to negligence which may have been actually discovered, but it extends to negligence which might have been discovered by exercise of ordinary care by the plaintiff." *Georgia Power Co. v. Maxwell,* 52 Ga. App. 430 (3) (183 SE 654).

Ordinarily questions of negligence on the part of the plaintiff and of the defendant are issues to be decided by a jury, but, where the plaintiff's petition shows on its face that no right to recover exists, and this question is raised by a general demurrer, it is the duty of the court to sustain the demurrer and dismiss the petition, *Central R. Co. v. Larsen,* 19 Ga. App. 413, 418 (91 SE 517), and general allegations that the plaintiff could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care must yield on demurrer to contradictory facts and inferences properly drawn therefrom which show that the plaintiff could have avoided such negligence. *Reese v. Southern R. Co.,* 35 Ga. App. 369 (133 SE 284). Applying the foregoing rules of law to the allegations of fact contained in the petitions in these cases, they show that the plaintiff, Mrs. Smith, could have avoided the negligence alleged against the defendant, and that neither she nor Mr. Smith can recover.

The petitions allege that the plaintiff, Mrs. Smith, was a tenant of the defendant. It is not alleged for what period of time she had been a tenant at the time she was injured, but it may be assumed (construing the petitions most strongly against the plaintiffs) that she had been a tenant for a sufficient length of time to permit her to become thoroughly familiar with the visible physical surroundings of the entrance which she used to get to and from the rented premises. *Brim v. Healey Real Estate &c. Co.,* 56 Ga. App. 483, 485 (193 SE 84). Even if this is not so, the petitions fail to allege any reason for her inability to see the conditions by the exercise of ordinary care as she approached the step, *White v. City of Manchester,* 92 Ga. App.

642, 644 (2) (89 SE2d 581), and they will be construed as alleging that there was sufficient light, and that she could have seen the condition of the step and adjacent area had she looked. So construed, the petitions show that Mrs. Smith, before placing her left foot on the step, placed her right foot near the face of the step and adjacent to and close to the open end of the terra cotta pipe with its concrete covering which she could see, and that after she had placed her left foot on the step and sought to raise her right foot, she caught her toe on the overhanging end of the pipe. She does not allege that she did not know of the general conditions which she alleged existed at the time and place, and her allegations must be construed as averring that she did know of them. She, therefore, had a duty to avoid the dangerous place of which she knew. *Finley v. Williams,* 45 Ga. App. 863, 864 (2) (166 SE 265). She alleges that she could not see the jagged end of the pipe because it was obscured by the concrete covering. She does not allege any reason why she could not see the concrete covering the pipe. She had the duty, however, of using her eyesight to observe the conditions of the premises which she could see, and she could not close her eyes to obvious danger and then hold the defendant liable, even though the defendant also knew of the conditions. Properly construed the petitions fail to show that Mrs. Smith did not know of the conditions. Her lack of knowledge was an essential element of her case. *Hill v. Davison-Paxon Co.,* 80 Ga. App. 840 (57 SE2d 680).

Furthermore, the fact that she caught her toe on the jagged broken end of the terra cotta pipe is immaterial because, if the concrete covering obscured her view of the pipe, it must have extended beyond the open end of the pipe, and we think it is obvious from the facts alleged that she would have caught her toe on the concrete covering if not on the pipe. By the exercise of ordinary care she could have seen the concrete covering or the pipe, and she was bound to know that in placing her foot in such a position the toe of her shoe would likely be caught by the overhanging concrete if not by the pipe itself when she sought to raise her foot upon taking another step. She was negligent in so placing her foot, and this negligence amounted to

the failure to exercise ordinary care for her own safety. Conceding that the defendant was negligent in the way and manner alleged, it is nevertheless apparent from the facts alleged in the petitions that such negligence was not the proximate cause of the plaintiff's injuries and damages, but that Mrs. Smith's failure to exercise ordinary care was the cause thereof.

The trial court erred in overruling the general demurrers and in not dismissing the petitions.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*