ATLANTA & CHARLOTTE AIR-LINE RAILWAY CO. *v.* LEACH.

| 91 | 419 |
| 93 | 390 |
| 91 | 419 |
| f112 | 36 |
| 91 | 419 |
| 123 | 215 |
| 91 | 419 |
| 127 | 567 |

1. The homicide of a person walking upon a railroad track between a blow-post and a public crossing, when affirmatively shown not to have resulted from wantonness or recklessness on the part of the locomotive engineer after the peril was discovered,

is at most a negligent homicide only; and where the perilous situation was caused by the gross negligence of the deceased, and he could, by the exercise of ordinary care, have protected himself, the company is not liable.

2. Where a person who was killed because of his own gross negligence not only exposed himself by going upon a high trestle over which the railroad track passed, but encumbered himself with a small boy, exposing him also, if such person could have saved himself after discovering his danger from an approaching train had he not been so encumbered, and his care for the boy was the chief reason why he did not succeed in protecting himself, he was nevertheless chargeable with ordinary care for his own safety, irrespective of the presence of the boy. The case stands as if he, the deceased, had been upon the trestle alone, since it cannot be an excuse for him, as against the railroad company, that he neglected his own safety to preserve the boy with the care of whom he had voluntarily encumbered himself.

3. The evidence showing that the plaintiff was not entitled to recover, the court erred in not granting a new trial.

March 27, 1893.    Argued at the last term.

Before Judge WELLBORN. Hall superior court. July term, 1892.

JACKSONS, BARROW & THOMAS, S. C. DUNLAP and W. F. FINDLEY, for plaintiff in error.

M. L. SMITH, J. B. ESTES and H. H. DEAN, *contra*.

LUMPKIN, Justice.

1. It is the grossest kind of negligence to walk upon a long and very high trestle of a railroad over which trains are constantly passing. The exercise of ordinary care and prudence would have prevented the plaintiff's husband from exposing himself to danger by going upon the trestle, and even after he went upon it, he might, after becoming aware of the approaching train, have saved himself if he had not encumbered himself with the care of a small boy. The evidence shows that the company's servants did all in their power to stop the train after seeing the man and boy on the trestle, and strongly tends to show these servants, the engineer and fireman, saw the persons on the track as soon as it was possible for them to do so. If they were guilty of

any negligence at all, it was in failing to see these parties sooner, and this failure would not, under the circumstances, make the company liable. Not only was there a complete absence of wantonness or recklessness, but the negligence, if any, was slight, and the person killed being a mere trespasser, the company, by its servants, exercised all the diligence to which he was entitled.

2. Whatever may be the law with reference .to the liability of a railroad company for injuring or killing one who exposes himself to risk and danger by attempting to rescue another in a perilous situation which he had nothing to do with bringing about, certainly when one directly and by his own negligence causes the peril to exist, and because of it exposes himself to danger, he has, as against the company, no excuse for so doing. If so, it would be, in a certain sense, allowing him to take advantage of his own wrong. If a man were to load himself down with chains which could not be speedily removed, or in any other way fetter his movements, and in this condition attempt to walk over a trestle, no one will contend that because of these impediments to progress, a railroad company would be liable for running over him on the trestle, when without them he might easily have escaped from the approaching train. So far as the company is concerned, it would be entirely immaterial how the man encumbered himself, when but for the encumbrance, whatever its nature, there would have been no injury, and consequently no liability. The plaintiff's husband was doubtless under the strongest obligations, both of humanity and duty, to do all in his power, even at the risk of his own life, to save the unfortunate child he had so heedlessly carried into this most dangerous place, and the proof shows with almost absolute certainty that he actually lost his life because of his unavailing efforts to

get the child over the trestle before the train struck them. In making these efforts, however, he was neglecting his own safety, and thus violating his duty to the company. He had the choice of two fearful alternatives, and he undertook, as was creditable to him, to perform the duty he owed the child ; but it must not be overlooked that he himself was responsible for the situation that forced this awful alternative upon him. He had no right to go upon the trestle at all, and in no event could he voluntarily encumber himself in any manner, and then rely upon the encumbrance as an excuse for not escaping. Of course, the plaintiff, his widow, can have no better right against the company than he would have, had he been only injured and was suing for the injury.

3. Under the facts of this case, she was not entitled to recover. Her husband's death was due to his own utter want of care and prudence in going upon the trestle, in going there encumbered with the boy, and in failing to take the requisite steps to save himself after the danger from the train became imminent and the opportunity to escape was still at hand.

*Judgment reversed.*