WESTERN & ATLANTIC RAILROAD CO. *v.* JACKSON.

1. To make a prima facie case for a recovery against a railroad company by the widow of an employee, suing for the homicide of her husband, resulting from an act in which he participated, it must be shown either that he was not to blame or that the company was. The burden of showing that the agents of the company have exercised all ordinary and reasonable care and diligence is not imposed upon the company in such a case until the plaintiff has prima facie established one or the other of the propositions above referred to.
2. In the trial of such an action as is above indicated, a charge so worded as to convey to the jury the idea that they would be authorized to find for the plaintiff solely on account of the defendant's negligence, without regard to the question of the diligence of the deceased, is erroneous.

Argued April 2,—Decided April 27, 1901.

    Action for damages. Before Judge Fite. Whitfield superior court. December 18, 1900.

    *Payne & Tye* and *R. J. & J. McCamy*, for plaintiff in error.
    *Jones & Martin*, contra.

Совв, J.   The plaintiff sued the railway company for damages alleged to have been sustained by her on account of the homicide of her husband by the railroad company.   The trial resulted in a verdict in favor of the plaintiff; and the defendant's motion for a new trial having been overruled, it excepted.

1. Complaint is made that the court erred in charging the jury as follows: "A railroad company shall be liable for damages done to persons, stock, or other property, by the running of the locomotives or cars or other machinery of such company, or for any damage done by any persons in the employment or service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence." This charge is alleged to be error, because it is inapplicable to the case, and places the burden upon the defendant of showing its freedom from fault as soon as the injury is proved.   The charge is a copy of section 2321 of the Civil Code, with the words at the conclusion of that section, "the presumption in all cases being against the company," omitted.   This section of the code has no application to a suit brought by an employee, for the simple reason that the presumption of negligence against the company referred to in the section does not arise in favor of an employee immediately upon proof that injury resulted in the manner referred to in the section. That the court omitted that part of the section which refers expressly to the presumption does not, we think, relieve the charge from error.   Even with that clause omitted, the effect of the charge is to place the burden upon the company of showing that it has exercised all ordinary and reasonable care and diligence, as soon as evidence has been produced which satisfies the jury that injury has resulted in the manner indicated in the charge.   No presumption of negligence arises against a railroad company in favor of an employee, or one whose right to recover is dependent upon the conduct of an employee, nor is there placed upon the company the burden of showing that it has exercised a proper degree of care and diligence, until it has been prima facie shown either that the employee was free from fault, or that the company was at fault. *Central R. Co.* v. *Kenney,* 58 *Ga.* 485 ; *A. & W. P. R. Co.* v. *Webb,* 61 *Ga.* 586; *Western & Atlantic R. Co.* v. *Vandiver,* 85 *Ga.* 470.

2. Complaint is made that the court erred in charging the jury as follows:   "Now, with reference to the last proposition or con-

tention of the plaintiff here, that her husband was thrown from the car and dragged some distance, I charge you this: that it was the duty of the railroad, as soon as the danger became apparent, to use all ordinary and reasonable care to prevent the injury. If it did not do so, and the injury occurred, then the company would be liable. But if, on the other hand, it did use all ordinary and reasonable care and diligence after the danger became apparent, then it would not be liable." The criticism made upon this charge is that its effect was to instruct the jury that they need not consider any negligence of the plaintiff's husband in getting into the dangerous position, the conduct of the defendant being the only thing necessary to consider. We think this criticism upon the charge is well founded. Under the charge as given, the jury could have found a verdict for the plaintiff if they believed the railroad company was negligent, notwithstanding they may have been equally satisfied that the plaintiff's husband was at fault, and that he could have avoided the consequences of the defendant's negligence by the exercise of ordinary care.

We think those errors in the charge of the court which are above pointed out are of such a character as to have required the trial judge to grant a new trial. They were certainly of such a nature as to prejudice the defense of the company. Other complaints with reference to the charge were made, but we do not consider it necessary to deal with them, as any other errors which may have been committed will probably be corrected upon another hearing.

*Judgment reversed. All the Justices concurring.*