## 21.   BELL BROTHERS *v.* AIKEN.

1. The general demurrer to the petition was properly overruled.
2. This court is a court for the correction of errors in law and in equity alone. It has no authority to entertain an assignment of error that the verdict is contrary to the evidence, if there is any evidence at all to support the verdict. This ground in the motion for new trial is addressed to the discretion of the trial judge, upon whom is imposed the duty of being satisfied with a verdict before he approves it.
3. Where it is sought to impeach a witness by proof of contradictory statements previously made by him as to matters relevant to his testimony and to the case, this renders admissible in his favor testimony as to his general good character.
4. We have examined the other exceptions made in the record, but find no reversible error in any of them.

Action for breach of contract, from city court of Atlanta—
Judge Reid.    April 7, 1906.

Submitted January 9;—Decided January 18, 1907.

*Moore & Pomeroy,* for plaintiffs in error.

*Etheridge, Boykin & Etheridge,* contra.

POWELL, J.    1. Aiken sued Bell Brothers, alleging that on December 29, 1902, he made an oral contract with said defendants, whereby they employed him as a salesman for the period of one year, beginning on the same day, at à salary of $40 per month; that he continued in service under the contract for one month, when, without cause, the defendants discharged him; that after deducting the sums which he was able to earn elsewhere, the defendants still owed him $200 for the breach of their contract, and for this sum he sued.    The defendants filed a general demurrer to this petition, insisting that the contract, under the allegations, was void under the statute of frauds, on the ground that it was not in writing and was not to be performed within one year after the making thereof; and to the overruling of this demurrer they except.    That the demurrer is not well taken is too obvious to deserve discussion.

2. The evidence was in direct conflict, and the jury thereon returned a verdict in favor of the plaintiff for $253.    The verdict being for a larger sum than that claimed in the petition, the plaintiff voluntarily wrote off the $53 excess, whereupon the presiding judge expressed his approval of the finding of fact, by refusing the motion for new trial, which was filed by the defendants.    In this court, in their brief, counsel for the plaintiffs in error insist upon their assignment of error that the verdict is contrary to the evidence.    This assigns an error of fact and not of law, except in cases where there is no evidence whatever to support the verdict.    Under the constitutional amendment creating this court, its jurisdiction is confined to "the trial and correction of errors in law and equity."    These words, "in law and equity," after an absence of many years, appear again in our constitution, as a limitation upon the jurisdiction of our courts of final review.    In *Kelly* v. *Strouse,* 116 *Ga.* 886, the court calls attention to the omission of these words from the constitution, wherein they were once contained, and intimates that the omission furnishes color for the argument that the jurisdiction of the court was thereby enlarged. We will not regard their reinsertion into the organic law as merely

casual, but as the result of a deliberate purpose to make unmistakably clear the adherence of the people of this State to "the great principle of law, that the decision of a jury upon an issue of fact is, in general, irreversible and conclusive." Of course the assignment of error that the verdict is contrary to the evidence is entirely proper as a ground of a motion for new trial, as addressed to the presiding judge in the trial court. It is not only within the power of the trial judge to review the finding of the jury upon the facts, but, upon motion for new trial, it is his absolute duty to do so; and if his mind and conscience can not approve the verdict as rendered, he falls short of that duty if he allows the verdict to stand. We do not mean to say that the fact that the jury has made the finding in question should not be of great weight in causing the judge's mind to incline to that side of the issue rather than to the other; on the contrary, we think that the deliberate opinion of twelve impartial men should exert great influence; but after all he should be satisfied with the correctness of the verdict, before he gives it his deliberate sanction, as he does in overruling a motion for new trial, containing the general grounds. Of course the assignment that the verdict or finding in question is without any evidence to support it is a question of law, and not a question of fact, and presents for determination the converse of the proposition involved where the exception is to the direction of a verdict.

3. Exception is made to the admission in evidence of testimony as to the good character of the plaintiff. He was introduced as a witness, and it was sought to impeach him by proof of contradictory statements previously made by him as to matters relevant to the case. This opened the way to the admission of testimony as to his good character. Civil Code, § 5292.

4. We have examined carefully the other grounds of the motion for new trial. Most of them are bad in form, and none of them show any reversible error.        *Judgment affirmed.*