## 99.  CHARLES *v.* BROOKER.

No error of law appearing, this court will not disturb the verdict of a jury, where there is evidence to support their finding.  The right of the jury to settle disputed issues of fact is supreme and exclusive.  *Davis v. Kirkland,* ante, 5.  This court was created for the correction of errors of law and in equity.

Certiorari, from Whitfield superior court—Judge Fite.  April 5, 1906.

Submitted February 11,—Decided February 14, 1907.

*J. M. Rudolph, Sam. P. Maddox,* for plaintiff.

*George G. Glenn,* for defendant.

RUSSELL, J.  This was a suit on a note in the justice's court, with a verdict by the jury in favor of the defendant.  The plaintiff carried the case to the superior court, where his certiorari was dismissed; and this order overruling the certiorari was the only error assigned.  The only portions of the record specified and sent up are the assignments of error stated in the petition for certiorari, the answer of the magistrate, and the order overruling the certiorari and refusing a new trial.  It is complained in the petition for certiorari that the justice erred in allowing introduced an extract from a former certiorari, setting out the evidence of the witness Martin Warren; that it should have been excluded because it was immaterial, irrelevant, and not evidence.  As the extract complained of was not specified as material, and therefore was not transmitted to this court, we are, of course, unable to determine whether the evidence objected to was immaterial and irrelevant or not.  And it would be unnecessary for a court to consider that portion of the objection, for if the words "not evidence" can be considered to have been used instead of the word "inadmissible," then it is, autoptical that an extract from a petition for certiorari purporting to set forth the testimony of a witness on a former trial would be inadmissible, in any view of the case, as evidence of any fact stated therein.  In the language of the assignment of error, it is "not evidence."  But the justice, in his answer, says this statement of error is untrue.  And as the magistrate's answer, untraversed, is controlling in determining what actually occurred on the trial, his positive statement that the extract was never admitted or read to the jury

sweeps away the only legal hope of the plaintiff to get another trial. Nothing else is left in the case; for the evidence of the defendant, if believed by the jury, fully authorized their verdict.

It appears, from the evidence in the record, that the plaintiff sold the defendant $85. worth of hay belonging to a tenant, in order to collect a $75 debt, and, although the tenant was present at the bargain, neither disclosed to the buyer the truth as to the ownership. The plaintiff was very anxious to sell, in order to get defendant's note, instead of his claim on his tenant debtor or the hay which he volunteered to help him sell. The tenant wanted to sell the hay so as to pay his debt. The defendant knew nothing of these deals between the plaintiff and his debtor. He testified, "I bought the hay from Mr. Charles, and if Dukes (the tenant) had anything to do with it I did not know it." He was not willing to buy the hay unless it could remain where it was until later, when he could move it. He would never consider the question of buying until the plaintiff stated that it could stay there, and assured him (according to the testimony of defendant) that it would be safe, and that nothing would damage it except fire. The defendant paid, in lumber, $17.91, a cow taken at $20, and cash $25, on the note. The defendant left the hay where he purchased it, and the answer proceeds: "After I had gone, somebody turned some cattle in the field where the hay was, and they ate and ruined all the peavine hay, and did some damage to the rough hay. The whole damage was $30, or more." It appeared, from the evidence of the plaintiff himself, that the cattle were turned in the field where the hay was, by an arrangement with the very tenant whose hay had been sold to enable plaintiff to transform his debt into the note against the defendant.

This court can not review the findings of juries on issues of fact, unless, as a matter of law, a verdict has no evidence to support it. Therefore we can only say that the assignment of error that "the verdict is contrary to evidence and the law of the case" is not sustained. We heartily endorse the general principle urged by the diligent counsel for plaintiff in error with reference to the maintenance of right, regardless of the number of trials. If it appeared to this court that any material error of law had deprived plaintiff in error of any legal right, it would be a matter not to be considered by us that the case had been twice tried in

the justice's court and passed upon by jury, and twice taken to the superior court by certiorari. No number of wrongs make a right. Our decision is based upon the record of the one trial under review, and upon what is legally disclosed by that record, and nothing else. Judged by the record, we are not at liberty, under the law, to order another trial in this case merely to give either party another chance. There must be somewhere and somehow an end to litigation. And though the amount involved, no matter how small, shall, we hope, never even incline us to shrink from -or neglect the most careful and conscientious scrutiny of every error alleged and sought to be corrected, yet when we find no error, we can but note a comparison between the labor and the reward. With a difference between the parties of little more than twenty dollars, we think this case is one of which it can well be said that it is "a humming bird with all the plumage of a peacock." *Judgment affirmed.*