#### 8044. SIKES *v.* BRADLEY.

JENKINS, J. 1. Where the verdict can be supported under any proper view or theory of the evidence, it will not be set aside as being contrary thereto.

2. A wife's sale and conveyance of her property to her husband, not authorized by order of the superior court of her domicile, is void. Civil Code (1910), § 3009. But where a wife, for a valuable consideration, conveys an interest in land to the husband, without such approval being obtained, and the husband, in the name of the wife and himself, sells the timber thereon to another, taking purchase-money notes therefor in his own name, and the purchaser, with the knowledge and consent of the wife, enters upon the land and takes possession of the timber, the fact that the wife afterwards objects to the removal of a remaining portion of the timber by the purchaser, on the ground that

he has breached the terms of his contract of purchase, can not be held to be a repudiation by her of the sale of the timber to him, nor a repudiation of the sale of her interest in the land to her husband. She, having ratified and consented to the sale of the timber under the contract made by the husband, is bound thereby. *Buchannon* v. *James*, 135 *Ga.* 392 (69 S. E. 543). There is, therefore, no merit in the fifth and sixth grounds of the motion for a new trial.

3. The complaint that a juror in such a case was related by marriage, within the fourth degree, to the wife of the plaintiff will not, when made after verdict, be sufficient ground to set aside the verdict on the theory that the wife was interested in the suit, where it appears that the defendant was, prior to the trial, aware of such interest of the wife.

4. While equity has jurisdiction to reform written instruments, where there has been a mistake on the part of one of the parties, accompanied by fraud on the part of the other party, just as in cases where there is a mutual mistake, there was no error, in view of the evidence in the case, in the failure to charge this principle of law on the theory of the erroneous understanding of the contract by the defendant, known to the plaintiff at the time of its execution.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JULY 5, 1917.

Complaint; from Evans superior court—Judge Sheppard. October 9, 1916.

*Way & Burkhalter,* for plaintiff in error.

*P. M. Anderson,* contra.