### 42783. KENNER v. WHITEHEAD, by Next Friend.

EBERHARDT, Judge. 1. The measure of damages in an action to recover for injuries to an automobile is the difference in the fair market value of the vehicle immediately before and after the collision, but where the owner has undertaken to make proper and necessary repairs he may establish his loss by showing the reasonable value of the labor and materials expended in making them, and the value of any permanent impairment remaining after repairs were made. *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 454 (148 SE2d 439).

There were no repairs made to the vehicle here, and consequently the measure to be applied is the difference in values, as stated.

2. Testimony that "I estimate the damages to be $300 [but] my estimate is based on that of somebody else. I did not see the accident," is not competent evidence showing the amount of damage and should have been excluded upon proper objection. *Harper v. Harper,* 220 Ga. 770 (2) (141 SE2d 403). However the case was tried before a judge without a jury, and we must assume that he sifted the wheat from the chaff and gave no consideration to this testimony. *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60); *McElroy v. Williams Bros. Motors,* 104 Ga. App. 435, 437 (121 SE2d 917).

3. We cannot say that there was *no* evidence upon which the judge rendered his judgment for $250 as the damages to the vehicle, though admittedly it was weak and unsatisfactory. Another witness, who was a mechanic, testified: "I estimate that the car was a total loss, since it would cost about $450 to repair the damage. The car appeared to have been recently painted. I never saw the car prior to the accident. I do not know whether it was damaged prior to the accident or not." By amendment to the brief of the evidence it appears that he also testified: "The car appeared in good condition other than the damage caused in the accident and in my opinion it was worth $325 before the accident." The record reflects no objections to this testimony and apparently no effort was made by way of cross examination or otherwise to show that the car in its wrecked condition had salvage value as scrap metal or to test the knowledge of the witness as to market values. He did not qualify as an expert. Nevertheless his testimony stands unobjected to, and, as we construe it, he asserted that before the accident the car had a value of $325, while afterward it had no value. "The courts will not take judicial cognizance that any article is of value, unless the law itself so designates it. *Johnson v. State,* 109 Ga. 268 (34 SE 573); *Wright v. State,* 1 Ga. App. 158 (5) (57 SE 1050). However, value, just as any other matter of proof, may be shown circumstantially or inferentially, as well as directly or positively." *Ayers v. State,* 3 Ga. App. 305, 307 (59 SE 924).

4. The evidence was not reported at the trial, consequently there was no transcript. However, appellee's counsel prepared a brief of the evidence, which was assented to by counsel for appellant. Thereafter, appellee's counsel tendered an amendment to the brief adding to the testimony of the mechanic as indicated in Division 3. Over objection of counsel for appel-

lant the amendment was allowed and approved by the trial judge. There was compliance with § 10 (f) of the Appellate Practice Act (*Code Ann.* § 6-805 (f)) and we find no error in so doing.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

SUBMITTED MAY 3, 1967—DECIDED MAY 9, 1967—REHEARING DENIED MAY 22, 1967—

*John H. Ruffin, Jr.,* for appellant.
*H. R. Smith,* for appellee.