47238, 47239.  OVERNITE TRANSPORTATION COMPANY v. HART; and vice versa.

EBERHARDT, Presiding Judge. Plaintiff, while at defendant's terminal as an invitee for the purpose of delivering and unloading freight on July 24, 1968, was injured when defendant's employee, unloading freight from a trailer, struck him with a forklift truck. Being dissatisfied with the verdict in his favor, plaintiff filed his motion for new trial, ground 6 of which was sustained by the trial court and a new trial ordered, all other grounds being overruled. In No. 47238, the main appeal, defendant, with a certificate of review, complains of the sustaining of ground 6 of the motion; and in No. 47239, the cross appeal, plaintiff complains of the overruling of the other grounds. *Held:*

1. *The Main Appeal.* It was plaintiff's position during the course of the litigation that the injuries he sustained on July 24, 1968, caused him to fall from his trailer while unloading freight in 1969, thereby sustaining further injuries for which he also sought to hold defendant, and the connection between the two incidents was thus a vital issue to plaintiff's claim and to defendant's defense. The trial court allowed defendant to introduce the following portion of Dr. Rothenberg's deposition: "Q. Doctor, the patient [plaintiff] in no way connected his fall to his alleged injury of 1968, did he, in his history to you? A. The patient's history to me was such that he felt that his

fall in 1969 was strictly an accident and had no relation to his back problem which began in 1968." Plaintiff objected to this testimony on the ground that it was a conclusion of the doctor. However, as the trial court observed at the trial, in the context here "he felt" must be taken as synonymous with "he was of the opinion," and the doctor, rather than stating a conclusion of his own, was simply repeating an opinion stated to him by the plaintiff that his fall in 1969 was not related to the back injury sustained on defendant's premises in 1968. While normally a witness will not be allowed to testify as to the opinion of others (*Sullivan v. Hugly,* 32 Ga. 316 (1); *Wynes v. State,* 182 Ga. 434, 435 (185 SE 711); *Camp v. Ledford,* 103 Ga. App. 197, 198 (119 SE2d 54)), the opinion here was not that of a third person but of the plaintiff, was inconsistent with his position at the trial, was admissible as an admission, and the doctor's statement was not subject to the objection that it was a conclusion or hearsay. *Code* § 38-403; Green, Georgia Law of Evidence §§ 233, 234, 236, 237, 268 and cases cited; *Central of Ga. R. Co. v. Mosely,* 112 Ga. 914 (3) (38 SE 350). Of course, the opposite party may explain his out-of-court admission or statement, as plaintiff attempted to do, and it was for the jury to say whether he had done so, or to what extent. *Kitchen v. Robbins,* 29 Ga. 713. Hence it was error to grant a new trial on ground 6 of plaintiff's motion for new trial.

2. *The Cross Appeal.* (a) Plaintiff complains of a charge on comparative negligence. However, plaintiff did not object to this charge even though the jury specifically requested it during their deliberations, and there was sufficient evidence to authorize the jury to conclude that plaintiff, who was familiar with the premises and the methods of unloading, was in some degree negligent in standing and talking in a dangerous area with his back to the open end of a trailer being unloaded.

(b) In view of jury questions as to which injuries were caused by the 1968 forklift incident or the 1969 fall, if

either, as to whether the fall was causally related to the 1968 incident, as to pre-existing disease, and as to comparative negligence, there is no merit in the grounds complaining of the inadequacy of the verdict. *Strickland v. English,* 115 Ga. App. 384 (4) (154 SE2d 710) and cases cited; *Stynchcombe v. Gooding Amusement Co.,* 110 Ga. App. 864, 865 (140 SE2d 232) and cases cited.

(c) Plaintiff complains that the evidence did not authorize charges to the effect that in certain events plaintiff could not recover at all. However, since the jury found plaintiff entitled to recover, these charges affecting liability only, if error, were not harmful. *Jackson v. Seaboard A. L. R.,* 140 Ga. 277, 283 (78 SE 1059); *Bowen v. Holland,* 184 Ga. 718, 721 (193 SE 233); *Stynchcombe v. Gooding Amusement Co.,* 110 Ga. App. 864, 867, supra.

(d) In his deposition Dr. Rothenberg was asked for an opinion based upon a hypothetical question propounded by defendant. Dr. Rothenberg initially responded that his answer would be based solely on the plaintiff's history. Defendant then requested that the doctor answer the hypothetical question as asked, but the doctor departed from the hypothetical and gave his opinion based primarily on what plaintiff had told him. Thus there was no error in refusing to permit plaintiff to introduce this portion of the deposition. *Paulk v. Thomas,* 115 Ga. App. 436 (3d) (154 SE2d 872); *Sapp v. Kitchens,* 124 Ga. App. 764 (186 SE2d 121).

(e) We find no reversible error in admitting evidence complained of in enumerations 4 and 5.

*Judgment reversed in main appeal; affirmed in cross appeal. Deen and Clark, JJ., concur.*

ARGUED MAY 24, 1972—DECIDED JUNE 16, 1972—
REHEARING DENIED JUNE 30, 1972—

*Nall, Miller & Cadenhead, A. Paul Cadenhead, James S. Owens, Jr.,* for appellant.

*Kyle Yancey,* for appellee.