## 47641. WAGGONER v. BEVICH.

CLARK, Judge. Plaintiff brought this action against defendant for the homicide of her son, she contending defendant to be liable for her son's death by reason of gross negligence in the operation of his automobile in which her son was an invited gratuitous passenger. The complaint is brought in two capacities: (1) Individually for the full value of her son's life as the mother of an unmarried child twenty-three years old at the date of death without children under *Code Ann.* § 105-1307; and (2) also as the personal representative of decedent for expenditures incurred arising out of the death.

Defendant and deceased were roommates. They had given a casual drop-in party at their apartment during which both individuals consumed alcoholic beverages. The roommates then were on their way to another party that same night with defendant driving at a speed in excess of the posted speed limit of 25 miles per hour when he drove his automobile off the side of the highway on a curve and overturned five times while traveling a distance of 153 feet from the road. Deceased passenger was thrown from the automobile and pinned beneath it, resulting in his death.

The jury returned a verdict for the plaintiff individually in

the amount of $3,500 but returned no verdict for plaintiff in her representative capacity. Following the motion for a new trial subsequently amended the court granted the motion for a new trial as to the plaintiff in her representative capacity, after defendant's counsel had agreed in open court to such new trial, but denied the new trial motion with regard to the plaintiff individually.

1. Appellant argues the court erred by charging the principles of contributory negligence and comparative negligence as to a plaintiff where the gravamen of the complaint against defendant is gross negligence. The decided cases do not support this contention. In 1916 during the early days of our automobile age[1] our Supreme Court said in the leading case of *Powell v. Berry*, 145 Ga. 696, 700 (89 SE 753, LRA 1917A 306) that "If a driver, from intoxication, is in a condition which renders him incapable of operating it [an automobile] with proper diligence and skill, and this is known or palpably apparent to one entering the car, this is a fact which may be proved for the consideration of the jury, along with other facts, to throw light on the question of whether such person exercised ordinary care in entering the car or in remaining in the car, or in reference to his conduct while in it." Shepard's Citations show this ruling has been consistently followed. An example is *Crandall v. Sammons*, 62 Ga. App. 1 (1) (7 SE2d 575) from page 4 of which we

---

[1]Traffic problems also existed in horse-and-buggy days; over 100 years ago when Atlanta's population was less than 10,000 an observer reported: "Atlanta is certainly a fast place in every sense of the word and our friends in Atlanta are a fast people. They make money fast, and they spend it fast. . . To a stranger, the whole city seems to be running on wheels . . ." From the Milledgeville Federal Union of February 12, 1867, as quoted on page 310 in "Reconstruction in Georgia" by C. Mildred Thompson. In those days Savannah with 22,000 people was Georgia's chief city.

take the frequently quoted sentence: "A guest in an automobile cannot at all times treat himself as 'dead freight,' but, when negligence on the part of the driver arises, must act as an ordinarily prudent person would act, under the same or similar circumstances, to discover it and avoid its consequences." See also *Hawkins v. Benton Rapid Express*, 82 Ga. App. 819, 826 (62 SE2d 612) that "The circumstances may be such as to create a duty of self-preservation on the part of the guest to take some steps to protect himself from the obvious rashness or recklessness of his host driver. [Cits.] What steps he should take, and whether or not under the circumstances of each case he should interfere in the control and direction of the automobile by warning the driver, leaving the car, or taking any other action, is peculiarly a matter for the jury to decide. [Cits.]"

The cases such as *Central of Ga. R. Co. v. Moore*, 5 Ga. App. 562 (2) (63 SE 642); *Central R. & Bkg. Co. v. Newman*, 94 Ga. 560 (2) (21 SE 219) and *Fairburn & A. R. &c. Co. v. Latham*, 26 Ga. App. 698 (1) (107 SE 88) cited by appellant's able attorney concern acts of wilfulness and wantonness and are therefore not applicable to a case such as this where the action is brought on the theory of gross negligence. See also *Lee v. Lott*, 50 Ga. App. 39 (177 SE 92) for a discussion of the difference between acts constituting "gross negligence" and "wilfulness and wantonness."

In a case where a guest passenger rides with a driver known to him to have been imbibing intoxicants, it is proper for the judge to charge the jury on the principles of comparative negligence and contributory negligence. *Crandall v. Sammons*, 62 Ga. App. 1, supra; *Freeman v. Martin*, 116 Ga. App. 237 (156 SE2d 511); *Few v. Weekes*, 118 Ga. App. 190 (2) (162 SE2d 884); *Stukes v. Trowell*, 119 Ga. App. 651 (168 SE2d 616).

2. Another assignment of error attacks the verdict of $3,500 as being "so grossly inadequate as a matter of law as to justify an inference of gross mistake or undue bias

on the part of the jury." Because the plaintiff's claim involved comparative negligence as well as contributory negligence the jury was authorized to reduce the verdict for plaintiff on the basis of the degree of negligence attributable to plaintiff's son. "Where the evidence authorizes the jury to find that both parties are at fault, but the defendant slightly more so, so as to give the plaintiff a cause of action, a verdict for a small amount of damages is proper and should not be disturbed. [Cits.]" *Hunt v. W. & A. R.,* 49 Ga. App. 33, 34 (174 SE 222). "The amount of the verdict is peculiarly a jury question." *Atlantic C. L. R. Co. v. Heath,* 57 Ga. App. 763, 771 (196 SE 125). "This verdict has the approval of the trial judge, and absent a manifest abuse and miscarriage of justice it should not be disturbed by an appellate court on the ground of inadequacy. *Brown v. Service Coach Lines,* 71 Ga. App. 437, 447 (31 SE2d 236)." *Maloy v. Dixon,* 127 Ga. App. 151, 165 (193 SE2d 19).

3. Appellant argues the verdict to be illegal and inconsistent for the reason that the jury found in favor of the appellant individually but was silent as to the claim made in the capacity of plaintiff as the personal representative of the decedent. The verdict verbatim reads: "We, the jury, find in favor of the plaintiff, Mrs. Gladys L. Waggoner individually, in the sum of $3,500." No objection was made by either party to the form of the verdict.

Although plaintiff here sued in two capacities we consider this to be similar to the situation where there are two separate cases consolidated for the purpose of trial. "'It is often both proper and expedient to consolidate two distinct cases for the purpose of disposing of them by one trial. When this is done, any party to either who is dissatisfied with the result may take whatever steps are appropriate to a review of the verdict or judgment of which he complains. That is to say, after the trial each case then resumes its independent standing.' [Cits.]" *Lowery v. Wilcox,* 49 Ga. App. 47, 49 (174 SE 149). We regard the instant case to be analogous to those decisions dealing with

verdicts in which a husband brought a tort action for his personal injuries and the wife sues for loss of consortium and antagonistic verdicts result in that a recovery is awarded the male spouse and nothing for the female. We ruled in *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508 (191 SE2d 92) that when liability was acknowledged by a defendant as to the husband, the wife becomes entitled to recovery of some amount dependent upon the proof. We cited with approval the holding by the 5th Circuit Court of Appeals in Turner v. Southern R. Co., 437 F2d 1352, where the verdict for the husband was ruled to establish liability and therefore the wife's case was remanded for a new trial limited to the issue of damages.

Defense counsel obviously recognized that the plaintiff was entitled to a new trial in her representative capacity and consented thereto with the court entering its grant thereof. Such new trial is to be limited to the issue of damages because the original verdict has established liability. There was no error, however, in the court overruling plaintiff's motion for a new trial as to the plaintiff in her individual capacity.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED NOVEMBER 8, 1972—DECIDED JANUARY 24, 1973.

*Willingham, Smith & Robertson, W. R. Robertson, III,* for appellant.

*Ingram, Flournoy, Downey & Cleveland, Lynn A. Downey,* for appellee.