### 47693. WHITE et al. v. HAMMOND et al.

STOLZ, Judge. This case involves three automobiles in two separate collisions. Plaintiff (Mrs. White) was traveling west on U. S. Highway 82 in Tift County, Georgia, following an automobile driven by defendant Hammond. Defendant Hall was operating his vehicle on said highway in an easterly direction. The collisions occurred when defendant Hammond attempted to make a left turn into an intersecting dirt road and the right rear of his vehicle was struck by the right rear of the oncoming vehicle. The Hall vehicle then traveled approximately 40 feet, crossed into the westbound traffic lanes and collided head-on with the plaintiffs' vehicle.

The evidence shows that the collision took place on the flat portion of a hill crest; that the range of view was approximately 300 feet; that when defendant Hall first saw defendant Hammond's

vehicle it was in the eastbound (Hall's) traffic lane approximately 150 feet away; that at this time defendant Hall estimated his speed at approximately 50-55 m.p.h.; that defendant Hall applied the brakes of his vehicle and skidded an estimated (by a State Patrolman) 100 feet before colliding with defendant Hammond's vehicle. The evidence further showed that the collision between the Hall and Hammond vehicles occurred 2 feet from the south edge of the highway in the eastern half of the intersection; that prior to the collision defendant Hammond (an 82-year-old man), gave a left turn signal, drove into the eastbound traffic lane (his left side of the road), and, while driving very slowly, attempted to make a left turn by entering the eastern edge of the intersection, rather than a proper left turn.

Uncontroverted medical information showed that plaintiff Mrs. White was attended by her family physician on the day of the collision; that he examined her and found "hematomas, bruises and contusions of the chest and neck and abdomen and back." The physician further testified that this plaintiff had hematoma and bruises of the "abdomen and chest and sprain of the neck and back." The physician prescribed certain medicines, a course of conservative treatment, and saw this plaintiff periodically for treatment thereafter. The plaintiff Mrs. White testified that, shortly after the collision, she "got to hurting in my chest and in my stomach and my back started hurting"; that she stayed in bed for a week following the wreck; that she had suffered pain in various parts of her body since the collision and that the injuries "hadn't all went away" at the time of the trial.

Mrs. White was driving a new 1971 Ford LTD automobile owned by her husband, co-plaintiff Lamar White. The automobile cost $4,954.00, was only two months old, and had around 5000 miles on it when involved in the collision. Its fair market value before the wreck was estimated at $4,300-$4,400, but only $600-$700 after the wreck. Evidence showed a cost of repair estimate by the local Ford dealer (seller of the automobile originally) to be $2,188.28. Unimpeached evidence showed that Mrs. White had medical and drug bills totalling $267.50 as the result of the injuries sustained in the wreck. Evidence was before the jury showing Mr. White's loss of his wife's services. The jury returned a verdict in favor of defendant Hall in both cases, against plaintiff Mrs. White as to both defendants, and in favor of plaintiff Mr. White against defendant Hammond. *Held:*

1. Any harm to appellant Ellie White's case of any possible error by the court in violating Code § 38-302 in refusing to allow her to testify that her doctor told her to stay in bed and rest, when such statement was offered for the limited purpose of explaining her conduct in going home and going to bed, was vitiated by the full and complete testimony of her doctor. We believe the error, under all the circumstances, was harmless. Ga. L. 1966, pp. 609, 664 (Code Ann. § 81A-161).

2. Plaintiff Mrs. White's suit against both defendants sought damages for personal injuries sustained as the result of the negligence of both defendants. Plaintiff Lamar White's suit against both defendants sought recovery of medical expenses, damages to his automobile, and loss of his wife's services, companionship and consortium. The two cases were consolidated for convenience and tried before a single jury. Both plaintiffs contended that the verdicts rendered in their cases and the judgments rendered thereon, were illegal, illogical, inconsistent, conflicting and erroneous. As to the defendant Hall, this is simply not the case. The jury found for him against both plaintiffs.

It is contended that the evidence before the jury would authorize the $2,500 judgment against the defendant Hammond based on property damage. We disagree. The measure of damages for injury to an automobile is the difference in the fair market values thereof immediately before and after the injury is done. *Kenner v. Whitehead,* 115 Ga. App. 760 (1) (156 SE2d 136). Here, no repairs were made on plaintiff's (Mrs. White's) automobile. The unchallenged evidence showed damages to plaintiff's automobile ranging from $3,600-$3,800, hospital and medical expenses of approximately $267.50, plus loss of his wife's services by Mr. White.

The evidence outlined above shows that the plaintiff (Mrs. White) sustained injuries as a result of the collision. Her testimony to this effect was corroborated by the testimony of three medical doctors, one of whom was called by defendant Hammond. While there was evidence that plaintiff (Mrs. White) had sustained a previous injury to her back, her family physician testified positively that she had not come to him with complaints of back trouble since another physician (to whom she had been referred) performed a laminectomy in 1968-1969 for a herniated disc. The evidence plainly takes the case out of the rules expressed in *Buckhead Glass Co. v. Taylor,* 226 Ga. 247 (174 SE2d 568), *Reiss*

*v. Howard Johnson's,* 121 Ga. App. 119 (173 SE2d 95), and *Purdy v. Norrell,* 111 Ga. App. 546 (2) (142 SE2d 311) which are distinguishable on their facts. Under the facts in this case, Mr. White's action is derivative of Mrs. White's claim. If she is not entitled to recover, he cannot do so. As heretofore mentioned there was ample evidence before the jury showing that Mrs. White sustained specific, painful injuries, for which she sought and received medical treatment. Under the evidence, the jury verdicts were illogical, inconsistent, conflicting, erroneous and illegal.

The situation in the case sub judice is most similar to that in *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362, 363 (130 SE2d 249). Both cases involve separate common-law actions by different plaintiffs (husband and wife) against the same defendants that are tried together for the purpose of expediting the business of the court and for the convenience of the parties. In both cases the husband's suit is derivative of the wife's claim. In *Nickle,* supra, the jury returned a verdict in favor of the defendant in the wife's case, but for the husband in his suit. This court erroneously upheld that result, stating: "There could have been no complaint had the two present cases been tried before separate juries at different times with the same results reached as in the present cases." Recently, this court seems to have come to an opposite view. See *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508 (191 SE2d 92) and cit.; *Waggoner v. Bevich,* 127 Ga. App. 877 (195 SE2d 246). Unfortunately, these cases did not expressly disapprove the rule set forth in *Nickle v. Armstrong Furniture Co.,* supra. As noted in *Nickle,* the two cases remained separate and distinct actions, but it does not follow that the same jury can reach opposite conclusions based on the same evidence. If the cases were tried separately, the evidence would be presented to twelve different people at each trial. Each jury would hear the evidence—it might be substantially the same at both trials, but it would not be identical. Each jury would observe the witnesses' way and manner of testifying at each trial and form an opinion on the credibility of the witnesses and the weight to be given their testimony—here again, there may be great similarity, but there would not be exact duplication. This is true because as no two people are exactly alike so no two juries are exactly alike. Witnesses do not offer *exactly* the same testimony in *exactly* the same manner when testifying at separate trials. Perhaps of even more significance, at separate trials there are different juries,

hearing the testimony with different ears, observing the witnesses with different eyes and interpreting and evaluating the evidence with different minds. This, as much as anything, explains and justifies the sometime inconsistent verdicts based on "the same facts" by different juries. However, in this case, and in *Nickle,* supra, the *same jury* heard the evidence in both cases. The witnesses testified only once. Their testimony was *exactly* the same in both cases. Their mode and manner of testifying was *exactly* the same in *both* cases. The *same* jury weighed the evidence and the credibility of the witnesses, and came up with unreconcilable verdicts. This type of result breeds an inconsistency into our system that undermines its foundation through destruction of its credibility. *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362, supra, is expressly disapproved insofar as it allows inconsistent verdicts from the same jury.

This case is distinguished from *Purdy v. Norrell,* 111 Ga. App. 546 (2), supra, where the evidence pertaining to a son's injuries was found by this court to be "at best, weak, unsatisfactory, and unconvincing" thus authorizing the jury to find he was not injured.

3. Plaintiffs enumerate as error the trial court's instructing the jury as to the provisions of Code Ann. § 68-1641 (a) ("Following too closely.") The charge was not authorized by the evidence. While the evidence showed that plaintiff Mrs. White was following defendant Hammond's vehicle one to two car lengths prior to the time that defendant Hammond very slowly commenced making his left turn, the evidence also conclusively showed that, as Hammond drove into his left side of the road, Mrs. White came to a complete stop in her lane of traffic and, while there, was hit head-on by defendant Hall's vehicle. It is error for the trial judge to charge the jury as to issues which are made by the pleadings but unsupported by the evidence. *Owens v. White,* 103 Ga. App. 459 (1) (119 SE2d 581); *Ellison v. Robinson,* 96 Ga. App. 882 (4) (101 SE2d 902) and cit.

4. Plaintiffs enumerate as error the court's instructing the jury as follows: "I charge you further that every person is under a duty to exercise ordinary care for his or her own safety, . . . and [if] failure on her part was the proximate cause of her own injuries, she could not recover and you would be obligated to return a verdict in favor of the defendants. The charge I have just charged you applies to both cases—each respective case." The foregoing is a correct statement of the law and is a proper charge in all

cases of this nature where authorized by the evidence. In our opinion it was not so authorized in these cases. The charge complained of was erroneous in that it was unsupported by the evidence. See citations in Division 3 hereinabove for authorities.

5. The trial judge was also in error in charging "With respect to each case, if the plaintiff, Mrs. Ellie White, by the exercise of ordinary care could have avoided the consequences to herself caused by defendants' negligence, if any you find, the plaintiff is not entitled to recover. However, the plaintiffs' duty to exercise ordinary care to avoid the consequences of the defendants' negligence does not arise until the defendants' negligence exists and the plaintiff knew, or in the exercise of ordinary care should have known such negligence." This charge is a correct abstract statement of the law, but, for the reasons set forth in Divisions 3 and 4, was not authorized by the evidence and was erroneous.

6. The trial judge was likewise in error in giving the jury in charge the doctrine of comparative negligence for the reasons set forth in Divisions 3, 4 and 5.

7. The trial judge erroneously instructed the jury on the law of accident and Code § 102-103 (Accident). " 'An "accident" in its strict sense implies the absence of negligence, for which no one would be liable.' [Cit.] 'In its proper use the term "accident" excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which would not have been avoided by the use of that kind and degree of care necessary to the exigency and the circumstances in which he was placed. [Cit.]' " *Morrow v. Southeastern Stages,* 68 Ga. App. 142, 146 (22 SE2d 336); *Stone's Independent Oil Distributors v. Bailey,* 122 Ga. App. 294, 303 (176 SE2d 613). The evidence did not authorize the charge complained of.

8. Plaintiff's enumeration of error 9 is not passed upon since the cases are reversed on other grounds.

9. For the reasons hereinabove stated, the trial judge erroneously failed to sustain the plaintiffs' joint motion for new trial as to both defendants in both cases, and a new trial is granted.

*Judgment reversed. Hall, P. J., Deen and Clark, JJ., concur. Quillian, J., concurs in the judgment. Evans, J., concurs specially. Bell, C. J., Eberhardt, P. J., and Pannell, J., dissent.*

Submitted January 9, 1973 — Decided June 28, 1973 —
Rehearing denied July 19, 1973.

*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellants.

*Owens & Hilyer, Kenneth R. Hilyer, Maxwell Hines, Burt, Burt & Rentz, H. P. Burt,* for appellees.

EVANS, Judge, concurring specially. This special concurrence does not follow the opinion written by Judge Stolz, nor am I in complete agreement with same.

1. The first enumeration of error complains because the trial court refused to allow Mrs. White, plaintiff, to testify that she went home and went to bed upon advice of her physician. She contends this testimony was admissible to explain her conduct under Code § 38-302. Earlier she was asked why she left the scene of the wreck and she testified she was in pain and went to see her doctor, who examined her and advised her to go home and go to bed and rest. This was admissible evidence and the court erred in repelling it. Nor was it vitiated by the full and complete testimony of her doctor. I have carefully read all of the testimony of her doctor and not once was he asked, nor did he testify, concerning this question. Mrs. White had the right to explain her conduct and to show that a medical expert had instructed her to do exactly what she did—go home and go to bed. Such testimony to explain conduct is not hearsay but original evidence. *Joiner v. Joiner,* 225 Ga. 699 (3) (171 SE2d 297). And, "it is always permissible for a witness to explain his conduct." *Grant v. State,* 75 Ga. App. 784 (3) (44 SE2d 513), and its rejection is error. *Bryant v. State,* 191 Ga. 686 (14) (13 SE2d 820).

2. It is contended that the verdict against Mrs. White, plaintiff, was authorized because the jury was authorized to find she received no injuries. With this I cannot agree. It is urged that the state patrolman during his investigation while at the scene tried to ascertain whether anyone was hurt, and he testified, "Out at the scene no one seemed to be injured or anything, in that manner and for this reason I carried no injuries on my accident report." This is negative testimony in the extreme. Who was the patrolman to set himself up as an expert on who was and who was not injured? Many times injuries do not manifest themselves until many hours, and in some cases, many days, after the wreck. Mrs. White's testimony is attacked because she had suffered prior injuries and had litigated concerning them on more than one prior occasion. What does that prove? Absolutely nothing! Mrs. White testified that she was injured in this collision; her doctor testified that she was injured, and that in his opinion the injuries arose from this collision. Her doctor testified that he found bruises on her chest, neck, abdomen and back, which was within 40 minutes after the

wreck, according to Mrs. White's testimony. Mrs. White further testified that she suffered pain because of the collision, and her injuries were still in existence at the time of the trial. Her doctor testified that she responded with pain in his examinations following the wreck, and had a great deal of tightness and tenseness of the muscles of the cervical spine and lower back; and also had rigidity of the abdominal muscles because of the hematoma and bruises. These were objective findings on his part.

What witness denied that she was injured in this collision? What witness denied that she suffered pain as a result of injuries received in this collision? None! Positive and direct testimony of an unimpeached witness cannot be arbitrarily disbelieved by a jury. *Lankford v. Holton,* 187 Ga. 94, 102 (200 SE 243); *Myers v. Phillips,* 197 Ga. 536 (4) (29 SE2d 700). A party may testify as to his own injuries and he may be believed in preference to the evidence of a whole college of physicians that he was not injured. *Southern R. Co. v. Tankersley,* 3 Ga. App. 548 (1) (60 SE 297); *Chapman v. Radcliffe,* 44 Ga. App. 649 (3) (162 SE 651); *Great A. & P. Tea Co. v. Dupee,* 71 Ga. App. 148, 153 (30 SE2d 365). The law infers bodily pain and suffering from personal injury. *Dodson v. Cobb,* 92 Ga. App. 654, 655 (89 SE2d 552).

3. But I do not agree with the majority opinion in Division 2, and unhesitatingly state that there was no illegality in the verdicts because of inconsistency. Here, the cases of husband and wife were consolidated for the purpose of trial. The jury had the right to find in favor of one plaintiff and against the other. They remained two separate cases, and the legal effect was as if they had been tried by two separate juries. This was quite plainly held in the case of *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362 (130 SE2d 249) which has been followed in *Purdy v. Norrell,* 111 Ga. App. 546 (2) (142 SE2d 311). The majority would disapprove of the *Nickle* case and seeks to distinguish the *Purdy* case which follows and supports *Nickle* because two later cases, to wit: *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508 (191 SE2d 92) and *Waggoner v. Bevick,* 127 Ga. App. 877 (195 SE2d 246) seem to have the opposite view. But these two cases are not applicable, and are not in point.

In *Smith,* supra, there were two separate suits and two separate trials, and the "defendant acknowledges liability." It was held that plaintiff was entitled to recover something. The question of inconsistent or repugnant verdicts was not discussed. In *Waggoner,* supra, only one suit was involved, but the plaintiff sued in two capacities, to wit: individually for wrongful death, and as legal

representative of the estate. The jury returned a verdict for plaintiff in one capacity and against her in the other. Of course, this was an inconsistent verdict. But again, *two suits were not involved.* But if there is any inconsistency in the holding of the *Nickle* case, and the *Purdy* case on the one part, and the *Smith* and *Waggoner* cases, on the other part, the earlier cases must be followed under the rule of stare decisis. See *Cauble v. Weimer,* 101 Ga. App. 313, 316 (113 SE2d 641); *Drury v. State,* 211 Ga. 888, 889 (89 SE2d 513). The *Nickle* and *Purdy* cases cannot be disregarded until overruled, and of course, five judges of this court are required to overrule. I am in favor of upholding the *Nickle* and *Purdy* cases, and only four judges are in full agreement with the majority opinion here seeking to expressly disapprove of *Nickle.*

4. I do concur with the majority opinion as to the findings of error in the various charges of the court as to accident, following too closely, comparative negligence and the failure of the plaintiff, Mrs. White, to exercise ordinary care for her own protection. In my opinion only by remaining home could the plaintiff have avoided the collision.

5. I concur specially in the recommendation of reversal, but for a different reason as to Mr. White's case. This verdict was inadequate under the evidence. It was uncontroverted that he incurred medical expenses in stated amounts and suffered property damage in the sum of $3,700. These items themselves far exceed the award of $2,800, without consideration of loss of her services and consortium to some extent. Therefore, from the uncontradicted evidence, it is clear that the verdict in his favor was grossly inadequate, prejudicial and was due to gross mistake in considering the same and arriving at a verdict.

For all the foregoing reasons, it is my opinion the trial judge erroneously denied the joint motion for new trial as to both defendants, and a new trial should be granted.

EBERHARDT, Presiding Judge, dissenting. I regret my inability to find agreement with my brothers of the majority. It may be my lack of experience or of understanding of the law as pronounced in cases from both the Supreme Court and this Court, but as I see it the applicable rules require a different result.

1. (a) It is the duty of the appellate court to construe the evidence most strongly in support of the verdict and against the appellant. *Associated Mutuals v. Pope Lumber Co.,* 200 Ga. 487, 496 (37 SE2d 393).

(b) "This court can not review the findings of juries on issues of

fact, unless, as a matter of law, a verdict has no evidence to support it." *Charles v. Brooker,* 1 Ga. App. 219, 220 (58 SE 218). "This court . . . has no authority to entertain an assignment of error that the verdict is contrary to the evidence, if there is any evidence at all to support the verdict." *Bell Bros. v. Aiken,* 1 Ga. App. 36 (2) (57 SE 1001). "While the evidence supporting a verdict . . . was slight, it cannot be held that the verdict was without evidence to support it." *Alabama G. S. R. Co. v. Brock,* 141 Ga. 840 (2) (82 SE 225). "Where the verdict can be supported under any proper view or theory of the evidence, it will not be set aside as being contrary thereto." *Sikes v. Bradley,* 20 Ga. App. 470 (1) (93 SE 111). Although the evidence may preponderate against the verdict, this court may not substitute its view thereof for that of the jury and grant a new trial unless some error of law appears. *Middleton v. Waters,* 205 Ga. 847 (5) (55 SE2d 359).

As will be observed in discussion of some of the enumerations of error, these rules do not appear to have been followed.

2. I agree with Division 1 of the opinion, for as I see it, the conduct of Mrs. White in going home and to bed was not in issue, and exclusion of hearsay evidence relative thereto was proper. *Brewer v. Henson,* 96 Ga. App. 501, 502 (100 SE2d 661).

3. I find no error in the charge of Code Ann. § 68-1641 (a) relative to following too closely.

If the evidence is given the construction required to be given it on appeal, the jury was fully authorized to find that Mrs. White was following too closely behind the Hammond vehicle. According to her testimony she was thoroughly familiar with the road, the intersection, the hill or incline and that there was a "blind spot" ahead from which approaching vehicles would not be able to see the Hammond vehicle or hers as it approached the intersection. Mr. Hall, who was approaching, testified that he was not familar with the road, having driven on it but seldom, but that there was such a blind spot, and that when he came out of it he was "right at the intersection and the Hammond car and the White car were right in front of me, blocking the road."

Since Mrs. White had traveled this road often and was very familiar with it, the jury was authorized to find that she should have anticipated that an approaching vehicle might find itself in such a position. She knew, too, of the intersection, and testified that Mr. Hammond had given her notice, both by the rear signal light and holding out his left hand, of his intention to make a left turn at it. Mr. Hammond testified that as he approached the

intersection he was traveling at a speed of from 55 to 60 miles per hour, while Mrs. White testified that she was traveling at about 45 miles per hour. She also testified that she had been from *one to two car lengths behind* the Hammond car as it approached the intersection.

While Mrs. White says that she stopped before reaching the intersection and was not moving when the Hall car first struck the right rear of the Hammond car and then ricocheted into the left front of her car, and assuming this to have been true, the jury was authorized, though not required, to conclude that with the knowledge she had of the situation ahead and of the intention of Hammond to turn to the left, ordinary care on her part would have required that she slow down and stop a greater distance back, before reaching the intersection, and that if she had done so the Hammond vehicle would not have struck her car at all. Thus the jury was authorized to find that one or two car lengths was not a prudent distance behind the Hammond vehicle.

The statute provides that one must not "follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic and the condition of the highway." The jury was authorized to find that Mrs. White had not taken into consideration the matters of Hammond's speed, his approach to make a left turn at the intersection, and the fact that other vehicles might be approaching from the opposite direction and in the "blind spot" which she knew about, and that these matters required that she follow further behind than one or two car lengths. In any event the jury was authorized to consider these matters in determining whether Mrs. White had followed too closely. The charge was appropriate.

4. The majority finds error in the charge on the duty of the parties (including Mrs. White) to exercise ordinary care for their own safety, asserting that the charge was inappropriate to the facts.

I cannot so find it. If, as I conclude, Mrs. White may have been following too closely behind the Hammond vehicle, the jury was authorized to find that in so doing she was not in the exercise of ordinary care for her own safety, and the charge was appropriate.

"[O]ne is bound at all times to exercise ordinary care for his own safety, even before the negligence of another is or should be apparent, and this duty should not be confused with that other duty imposed by law upon all persons to avoid the negligence of another where the negligence of such other is existing, and is either

apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665, 667 (88 SE2d 6). See also *Atlanta & C. A. L. R. Co. v. Leach,* 91 Ga. 419 (2) (17 SE 619, 44 ASR 47). The evidence here must be construed against the appellant on appeal, just as a plaintiff's pleadings were construed against him on demurrer prior to the adoption of the Civil Practice Act. In that context see *670 New Street v. Smith,* 107 Ga. App. 539, 542 (130 SE2d 773).

"[T]he plaintiff as a conscious human agent is bound to exercise ordinary care to avoid the consequences of the defendant's negligence, by remaining away, going away, or getting out of the way of a probable or known danger." *Mansfield v. Richardson,* 118 Ga. 250 (3) (45 SE 269).

The charge was appropriate.

5. It is obvious that if the jury was authorized to find either that Mrs. White was following the Hammond car too closely, or that she failed to exercise ordinary care for her own safety, the principle of comparative negligence was a proper one to give in charge, conceding that the facts also authorized a finding that Hall was negligent in the operation of his car. Code § 105-603. Indeed, it would have been error to omit the charge. *Western & A. R. Co. v. Jackson,* 113 Ga. 355 (2) (38 SE 820).

6. As to Mr. White, the husband, who owned the car and who sought to recover for the damage to it, errors, if any, in the charge going to the matter of liability are harmless since there was a verdict in his favor. *Maloy v. Dixon,* 127 Ga. App. 151 (2b) (193 SE2d 19); *Overnite Transp. Co. v. Hart,* 126 Ga. App. 566 (2c) (191 SE2d 308).

As I construe the evidence, and as we are required to do on appeal, the verdicts returned by the jury cannot be deemed inconsistent. That would be true only if it could be said that the evidence demanded a verdict for each of the plaintiffs, Mr. and Mrs. White. It must be conceded that the evidence may have *authorized* verdicts in their favor, but I can not find any basis for saying that such verdicts were demanded.

We agree with the majority that as to the right of Mr. White to recover for loss of consortium and for the medical expenses of his wife the action is derivative and dependent upon her right to recover. *Bray v. Westinghouse Elec. Corp.,* 103 Ga. App. 783 (120 SE2d 628); *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425). However, since we conclude that the evidence here, when

properly construed on appeal, authorized the jury to find that Mrs. White was not injured in the collision, and thus could not recover, it does not follow that Mr. White could not recover for the damage to his car, for the evidence authorized a finding that though both Mrs. White and Mr. Hammond were negligent, that of Mr. Hammond was the greater.

There is evidence in the record which would authorize a finding that Mrs. White's complaint stemmed not from this event, but from prior back injuries which she had suffered in other accidents.

If that was the view the jury took of the matter it was perfectly proper to return a verdict for the defendants as to her.

On the other hand, the evidence that the car of Mr. White was damaged on this occasion was wholly uncontradicted, and he was entitled to a verdict in some amount for the damage, if the jury concluded, as they were authorized to do, that the negligence of Mr. Hammond exceeded in some degree that of Mrs. White.

This is true in spite of the fact that the two cases were tried on identically the same evidence, from the same witnesses at the same time and before the same jury.

In this status the question as to whether *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362, 363 (130 SE2d 249) was correct, or whether it should be overruled is not properly before us.

8. Since the evidence authorized the jury to find that Mrs. White was, to some extent, negligent in following too closely, or in failing to exercise ordinary care while operating the husband's car, the jury was authorized to apply the comparative negligence rule and thus reduce the recovery, and it cannot be said that the verdict is, for any reason, inadequate. Furthermore, on questions of value the jury is not bound by the opinions of the witnesses, even though uncontradicted, but may place their own value upon the damage or to the before and after values from other data. *Georgia Northern R. Co. v. Battle,* 22 Ga. App. 665 (97 SE 94); *Lott v. Banks,* 21 Ga. App. 246, 250 (94 SE 322); *Johnson v. Stevens,* 19 Ga. App. 192 (91 SE 220); *McCarthy v. Lazarus,* 137 Ga. 282 (2) (73 SE 493); *Martin v. Martin,* 135 Ga. 162 (1) (68 SE 1095). And see *Maloy v. Dixon,* 127 Ga. App. 151, 162, supra, where we dealt with a very similar situation.

There was evidence here that Mr. White had incurred medical expenses of $267.50, some or all of which the jury may have concluded were related to her former injuries. She testified that she had, since shortly after the accident, continued her work as a waitress in a cafe where she cooked, washed the dishes, waited on

patrons, and generally stood on her feet all day—the same thing she had done before the accident. The jury was authorized to find that there had been no loss of consortium. Indeed there is at best only an inference or suggestion of it. There was evidence that Mr. White's car could be repaired to its condition before the accident for $2,188.

A verdict for $2,500 in Mr. White's favor, therefore, can not be said, as a matter of law, to be inadequate.

I would affirm the judgments.

I am authorized to state that Chief Judge Bell and Judge Pannell concur in this dissent.